Barry D. ROSS, Plaintiff–Appellant,

v.

BROOKS COLLEGE; et al.,
Defendants–Appellees.

No. 06–55076.

United States Court of Appeals,
Ninth Circuit.

Submitted July 29, 2009.*

Filed July 30, 2009.

Barry D. Ross, Los Angeles, CA, pro se.

Andrew C. Peterson, Esq., Morgan
Lewis & Bockius, LLP, Los Angeles, CA,
Anne M. Brafford, Esq., Morgan, Lewis &
Bockius, LLP, Irvine, CA, for Defendants–
Appellees.

Before: WALLACE, LEAVY, and
HAWKINS, Circuit Judges.

MEMORANDUM **

Barry D. Ross appeals pro se from the
district court's summary judgment in his

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

Title VII action alleging that he was denied a promotion because he is African–American. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995). We affirm in part, vacate in part, and remand.

The district court properly entered summary judgment on Ross's disparate impact claim. *See Stout v. Potter,* 276 F.3d 1118, 1122 (9th Cir.2002) (describing prima facie case of disparate impact).

The parties do not dispute that Ross satisfied the first and third prongs of his prima facie case on his disparate treatment claim. *See Dominguez–Curry v. Nev. Transp. Dep't,* 424 F.3d 1027, 1037 (9th Cir.2005) (describing the four prongs that a plaintiff must establish to make out a prima facie case of disparate treatment under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

■ With respect to the second prong, there is a genuine issue of material fact as to whether the written job description accurately reflects the qualifications of the director of admissions position in June 2003. Thus, that document should not have been relied upon to determine whether Ross satisfied the second prong. By submitting evidence that management-level employees offered positive assessments of his performance and capabilities, and evidence that the College temporarily assigned him to perform some of the functions of the director of admissions position, Ross satisfied his "minimal prima facie burden of establishing that he was qualified for the … position." *Aragon v. Republic Silver State Disposal Inc.,* 292 F.3d 654, 660 (9th Cir.2002).

Ross satisfied the fourth prong by showing that the College "filled the position with an employee not of plaintiff's class." *Dominguez–Curry,* 424 F.3d at 1037.

Contrary to the College's contention, Ross was not required to show that Jackson lacked superior qualifications to establish a prima facie case. *See id.* at 1040–42.

■ Although the College articulated a legitimate, nondiscriminatory reason for failing to consider Ross for promotion, Ross produced sufficient evidence of pretext to survive summary judgment. This evidence included the College's poor record of placing African Americans in management positions within the admissions department, *see Warren,* 58 F.3d at 443 (statistics as to an employment practice may be helpful in establishing that a particular employment decision was in conformance with a general pattern of discrimination); Fuller's declaration undermining Meron's credibility; the Equal Employment Opportunity Commission's ("EEOC") reasonable cause determination, *see Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1283–84 (9th Cir.2000) (determination has some probative value); and the absence of negative assessments of Ross's performance prior to denial of the promotion. Further, in an August 2003 letter to the EEOC, the College suggested that it did not promote Ross because "Ross was employed less than a year" and sought a two-level promotion from admissions representative to director of admissions. Now, the College denies that those were the reasons for rejecting Ross. The College's shifting explanations for not promoting Ross help to raise a genuine issue concerning pretext. *See Washington v. Garrett,* 10 F.3d 1421, 1434 (9th Cir.1993) ("[F]undamentally different justifications for an employer's action would give rise to a genuine issue of fact with respect to pretext since they suggest the possibility that neither of the official reasons was the true reason.").

Accordingly, we affirm summary judgment on Ross's disparate impact claim. On his disparate treatment claim, we vacate summary judgment and remand for further proceedings.

Ross's motion to file an oversized reply brief is granted.

Defendants' motion to strike portions of appellant's excerpts of record is granted in part and denied in part; page 7 of Brian Watson's deposition is stricken.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

